IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE:

GEORGE OWEN WATERMAN  Case No. 04-23418-7 DLS
ELIZABETH DELLWIG WATERMAN,

     Debtors.
_____/

GEORGE OWEN WATERMAN,

     Plaintiff,

v.  Adversary No. _____

JOHN B. HARRIS

and

JAMES T. McINTYRE,

     Defendants.
_____/

**COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT, AND FOR ORDER IN CONTEMPT AND JUDGMENT FOR VIOLATION OF DISCHARGE ORDER**

     COMES NOW the Plaintiff, George Owen Waterman, by and through his attorney of record, Eric C. Rajala, and for his complaint to determine the dischargeability of his debt to the Defendant John B. Harris under 11 U.S.C. §§ 523(a)(3), and for an order in contempt and judgment for damages against the Defendants John B. Harris and James T. McIntyre under 11 U.S.C. §§ 524(a) and 105(a), states the following:

## ALLEGATIONS COMMON TO ALL COUNTS

1.  On August 13, 2004, Plaintiff George Owen Waterman and his spouse, Elizabeth Dellwig Waterman, filed a joint voluntary petition ("Petition") under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code") under Case No. 04-23418-7 DLS (the "Bankruptcy Case").

2.  This Court has jurisdiction over this complaint pursuant to 28 U.S.C. §§ 157 and 1334, as this is a proceeding which arises in the Chapter 7 proceedings of the Debtors.

3.  Venue is properly in this Court pursuant to 28 U.S.C. § 1409.

4.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

5.  The Bankruptcy Case was administered by the Chapter 7 trustee as a "no asset" case. No claims bar date was set during the administration of the Bankruptcy Case.

6.  The Discharge of Debtor was entered in the Bankruptcy Case on December 6, 2004. On July 20, 2006, a Final Decree was entered, and the Bankruptcy Case was closed.

7.  On February 25, 2010, the Court entered its <u>Order Reopening Case to Enforce the Discharge Order Entered December 6, 2004</u> (PACER Doc. 37) in the Bankruptcy Case, to enable Plaintiff to file this adversary proceeding against Defendant John B. Harris and his counsel, Defendant James T. McIntyre.

8.  Defendant John B. Harris is a creditor of the Plaintiff.

9.  Defendant James T. McIntyre is an attorney licensed to practice law in Kansas.

10. During the week of April 26, 2009, Plaintiff was served with alias summons and a copy of a petition filed by Defendant McIntyre on behalf of Defendant Harris, in the civil action known as <u>John B. Harris, Plaintiff, v. George Waterman, Defendant</u>, Case No. 07LM13868 in

the District Court of Sedgwick County, Kansas. A true, correct and genuine copy of the summons and petition is attached hereto as Exhibit 1.

11. The above-referenced civil action was filed for the purpose of collecting a pre-bankruptcy debt in the amount of $18,000 owed by Plaintiff to Defendant Harris, which was incurred on or about May 12, 2003.

12. Through inadvertence and mistake, Defendant Harris was not listed as a creditor in the Plaintiff's bankruptcy schedules and mailing matrix.

13. On May 6, 2009, Plaintiff's counsel sent a certified letter to Defendant McIntyre, counsel for Defendant Harris, advising him of the bankruptcy proceeding, the entry of the discharge order, and the discharge of Plaintiff's debt to Harris, notwithstanding Plaintiff's failure to schedule Harris as a creditor in the bankruptcy case. A true, correct and genuine copy of the May 6, 2009, letter to Defendant McIntyre is attached hereto as Exhibit 2.

14. In a telephone conversation on May 8, 2009, Defendant McIntyre stated to Plaintiff's counsel that he and Defendant Harris were both aware of Plaintiff's bankruptcy filing, but that they filed the lawsuit anyway, relying on the theory that the debt to Harris was not discharged because Harris was not listed as a creditor in the bankruptcy case. McIntyre also stated that he was consulting with other counsel about the issue.

15. On or about November 20, 2009, it was brought to Plaintiff's attention that a default judgment had been entered against him by Defendant Harris in Case No. 07LM13868, on or about August 31, 2009. A true, correct and genuine copy of the docket sheet for Case No. 07LM13868 is attached hereto as Exhibit 3.

16. On November 21, 2009, Plaintiff's counsel sent another certified letter to Defendant McIntyre, asking that the judgment be vacated and the case dismissed with prejudice within ten days. A true, correct and genuine copy of the letter of November 21, 2009, is attached hereto as Exhibit 4.

17. In reply to his November 21 letter, Plaintiff's counsel received a letter dated December 10, 2009, from attorney Kenneth W. Estes, advising that he (Estes) had been asked by Defendant McIntyre to review this situation further, and that he did not anticipate coming to any conclusion regarding this matter until after the first of the year. A true, correct and genuine copy of Estes' letter of December 10, 2009, is attached hereto as Exhibit 5.

18. On January 15, 2010, Mr. Estes sent a letter to Plaintiff's counsel, stating that his advice to Defendant McIntyre was that "if [McIntyre] can show actual fraud on the part of [the Debtor] in obtaining the advancement from Mr. Harris, then [McIntyre] should not dismiss the judgment he has against [the Plaintiff] in the Sedgwick County District Court." A true, correct and genuine copy of Estes' letter of January 15, 2010, is attached hereto as Exhibit 6.

19. Plaintiff's debt to Harris was not incurred through actual fraud; Harris did not allege fraud as a basis for his civil action; and Harris has done nothing to seek a determination that his claim against Plaintiff was based on anything other than liability under a written agreement.

20. As of the filing of this Complaint, Plaintiff's counsel has received no further communication from Defendant McIntyre, Defendant Harris, or Mr. Estes, and no action has been taken by McIntyre or Harris to vacate the judgment or dismiss the civil action in Sedgwick County District Court.

-4-

Case 10-06052    Doc# 1    Filed 03/26/10    Page 4 of 7

## COUNT I
### (Determination of Dischargeability of Debt)

21. Plaintiff incorporates all other allegations of this Complaint in Count I.

22. Section 523(a)(3)(A) of the Bankruptcy Code provides that a claim will not be discharged if it was neither listed nor scheduled and the creditor did not have notice or actual knowledge of the case so that the creditor could timely file a claim.

23. Section 523(a)(3)(A) does not apply with respect to Plaintiff's debt to Defendant Harris, because the Bankruptcy Case was a no asset case with no claims bar date set; therefore, Harris has suffered no prejudice because he will have an opportunity to file a claim if any assets are discovered. Because § 523(a)(3)(A) does not apply, unless Harris can establish that the claim was nondischargeable under one of the exceptions referenced in § 523(a)(3)(B), his claim was discharged by operation of law under 11 U.S.C. § 727(b).

24. Plaintiff is entitled to an order determining that his debt to Defendant Harris is dischargeable and was discharged in the Bankruptcy Case, notwithstanding Plaintiff's failure to list Harris as a creditor in his bankruptcy schedules and mailing matrix.

**WHEREFORE,** Plaintiff prays for judgment against the Defendant, John B. Harris, on Count I of this Complaint, determining that Plaintiff's debt to Defendant Harris is dischargeable under 11 U.S.C. § 523(a)(3), and was in fact discharged upon the entry of the Discharge of Debtor in the Bankruptcy Case on December 6, 2004; for his costs and attorney fees, and for such further relief as the Court deems just and equitable.

## COUNT II
### (Request for Order in Contempt)

25. Plaintiff incorporates all other allegations of this Complaint in Count II.

-5-

26. The actions of Defendant Harris and his attorney, Defendant McIntyre, in filing the civil action in Sedgwick County, Kansas, obtaining a default judgment against Plaintiff, and refusing to vacate the judgment and dismiss the civil action upon Plaintiff's request, constitute knowing and deliberate violations of the Discharge Order entered in the Bankruptcy Case on December 6, 2004.

27. The actions of Defendant Harris and his attorney, Defendant McIntyre, as set forth above, constitute indirect civil contempt of this Court's Discharge Order dated December 6, 2004. Plaintiff requests the Court to enter an Order in Contempt against the Defendants, assessing actual and punitive damages, and Plaintiff's attorney fees and costs, against the Defendants.

**WHEREFORE,** Plaintiff prays for (1) judgment against the Defendants, John B. Harris and James T. McIntyre, on Count II of this Complaint, determining that the actions of the Defendants as set forth above constitute indirect civil contempt of this Court's Discharge Order dated December 6, 2004; (2) an Order in Contempt compelling the Defendants to vacate the judgment in Case No. 07LM13868 in the District Court of Sedgwick County, Kansas and dismiss the case, and assessing actual and punitive damages, and Plaintiff's attorney fees and costs incurred by Plaintiff in his efforts to enforce the Discharge Order and in the prosecution of this Complaint; and (3) for such other and further relief as the Court deems just and equitable.

## COUNT III
**(Judgment for Damages)**

28. Plaintiff incorporates all other allegations of this Complaint in Count III.

29. As a direct result of the Defendants' actions set forth above, Plaintiff's credit has been damaged to the extent that he cannot obtain financing needed for his business operation,

cannot obtain a corporate lease for a company car, and cannot re-establish his personal line of credit with Landmark Bank under a second mortgage on his residence.

30. As a result of the foregoing, Plaintiff has sustained unliquidated damages in excess of $75,000.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants on Count III of this Complaint for a sum in excess of $75,000, together with interest as provided by law, for costs and attorney fees, and for such further relief as the Court deems just and equitable.

## COUNT IV
### (Judgment for Attorney Fees)

31. Plaintiff incorporates all other allegations of this Complaint in Count IV.

32. Plaintiff, in prosecuting this action, has employed an attorney, and pursuant to Bankruptcy Rule 7008, is entitled to recover reasonable attorney fees.

**WHEREFORE,** Plaintiff prays for judgment against the Defendants on Count IV of this Complaint for reasonable attorney fees, and for such further relief as the Court deems just and equitable.

Respectfully submitted,

s/ Eric C. Rajala
Eric C. Rajala, #10082
11900 College Blvd., Suite 220
Overland Park, Kansas 66210
(913) 339-9806
(913) 339-6695 Fax
eric@ericrajala.com
Attorney for Debtors

F:\DATA\WP\Waterman\Harris v. Waterman\Complaint.wpd